IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-02139-M

MONCLAIRE SAINT LOUIS,

    Petitioner,

v.

PAM BONDI, et al.,

    Respondents.

**ORDER**

Monclaire Saint Louis ("petitioner"), a federal inmate, filed this petition for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241. The matter is before the court for an initial review pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief. The matter also is before the court on petitioner's motion to supplement the record (DE 3).

The court begins with petitioner's motion to supplement the record with his administrative remedy responses. For good cause shown, the motion is GRANTED. See Fed. R. Civ. P. 15(a).

The court next conducts its initial review of the petition. On June 13, 2025, petitioner filed the instant petition for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241, naming the United States Attorney General Pam Bondi, the United States Secretary of Homeland Security Kristi Noem, the Warden of the Federal Correctional Complex in Butner, North Carolina, and the United States Immigration and Customs Enforcement ("ICE") as respondents. Petitioner challenges his ICE detainer issued on June 4, 2018. Petitioner states he has a pending asylum application which "provides him statutory protection from removal while the application is

Petitioner further states the "detainer was issued despite the absence of a removal order." (Id.) "Due solely to the detainer, the Bureau of Prisons assigned Petitioner a Public Safety Factor, disqualifying him from access to halfway house placement, Residential Reentry Centers (RRC), and other rehabilitative programing." (Id.) "Petitioner has not received any immigration hearing, charging document, or individualized determination of removability. No Notice to Appear (NTA) has been served." (Id.) Petitioner alleges the following claims: the detainer "lacks a warrant, probable cause, or judicial oversight" in violation of the Fourth Amendment to the United States Constitution; petitioner has not received "notice, hearing, or a forum to challenge the detainer" in violation of the Fifth Amendment; the detainer disregards 8 U.S.C. § 1158(a); and the detainer denies petitioner early release, halfway house eligibility, and other liberty-enhancing programs. (Id. p. 3).

Federal jurisdiction over a petition for a writ of habeas corpus exists only for persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2241(c). Petitioner currently is in custody pursuant to his federal criminal sentence, and the presence of an ICE detainer does not affect his status as a sentenced federal offender. See De La Torre v. Warden, FCI McDowell, No. 1:23-cv-00047, 2024 WL 1080499, at *5 (S.D.W. Va. Feb. 5, 2024), adopting R&R, 2024 WL 1078266 (S.D.W. Va. Mar. 12, 2024); Ogunde v. Holder, C/A No. 1:13cv484 (JCC), 2013 WL 5504417, at *2 (E.D. Va. Oct. 1, 2013) ("[A]n immigration detainer does not subject a prisoner to [ICE] custody."), appeal dismissed, 563 F. App'x 237 (4th Cir. 2014); 8 C.F.R. § 239.1(a). Rather, "[the detainer] merely notifies prison officials that a decision regarding his deportation will be made . . . at some future date." Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir.1988).

Here, petitioner is not in ICE custody. As a result, he cannot meet the "in custody" requirement necessary to challenge his immigration detainer pursuant to § 2241. See Belasco v.

2

Snyder, No. 99-3334, 2000 WL 227990, at *1 (8th Cir. 2000); Richard v. Immigration and Naturalization Servs., C/A No. 0:11–1508–JFA–PJG, 2011 WL 5876916, at *1 (D.S.C. Nov.22, 2011) (holding "the lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241"); see also Sewell v. Stephens, C/A No. 5:10–HC–2247–FL, 2011 WL 2746122, at *1 n* (E.D.N.C. July 13, 2011) ("An ICE detainer, without more, does not satisfy § 2241's 'in custody' requirement.") (citation omitted). Thus, petitioner fails to state a claim.

To the extent petitioner asserts the detainer caused the Federal Bureau of Prisons to apply a public safety factor disqualifying him from access to halfway house placement, RRC placement, or other rehabilitative programs, he fails to state a claim. See Mungin v. Cruz, No. 23-4078, 2023 WL 8784645, at *1 (D.N.J. Dec. 18, 2023). In particular, an inmate does not have a protected liberty interest in receiving or retaining a certain custody classification or security designation. See Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994); Briley v. Att'y Gen. United States, 632 F. App'x 84 (3d Cir. 2016); Biedrzycki v. O'Brien, No. 1:11cv6, 2011 WL 6748505 (N.D.W. Va. Oct. 14, 2011) (dismissing § 2241 claims where petitioner was "merely challenging the B.O.P.'s reliance on information in his PSR that was used to determine his custody classification and security level, neither of which affect the duration of his sentence"), adopting R&R, 2011 WL 6748030 (Dec. 21, 2011); Caba v. United States, No. CV310-082, 2010 WL 5437269, *2 and n.4 (S.D. Ga. Nov. 30, 2010), adopting R&R, 2010 WL 5441919 (Dec. 27, 2010).

A petitioner, likewise, does not have a liberty interest in early release. See Garcon v. Cruz, No. 6:14-4332-RMG, 2015 WL 4557146, at *4 (D.S.C. July 28, 2015); Isac v. Tripp, No. 5:15-HC-2309-FL, 2016 WL 7335604, at *3 (E.D.N.C. Dec. 16, 2016); Johnson v. Whitehead, No. PJM-08-1872, 2009 WL 10684927, at *4 (D. Md. May 14, 2009), aff'd, 647 F.3d 120 (4th Cir. 2011). Thus, any challenge to petitioner's custody classification lacks merit. See Becerra v. Miner,

3

248 F. App'x 368, 370 (3rd Sept. 19, 2007); Mungin, 2023 WL 8784645, at *1 ("Challenges to even erroneous safety factor decisions and resulting custody classification levels are not cognizable under the statute as they do not go to the fact or duration of confinement, nor do they challenge an aspect of the execution of an imposed sentence.") (citing Briley v. Warden Fort Dix FCI, 703 F. App'x 69, 71 (3d Cir. 2017) (citation omitted)). Based upon the foregoing, petitioner fails to state a claim.

In summary, petitioner's motion to supplement (DE 3) is GRANTED. However, petitioner's challenge to his ICE detainer pursuant to § 2241 is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED this 6th day of October, 2025.

RICHARD E. MYERS II
Chief United States District Judge